# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELOY GARLEY,

    Plaintiff,

vs.                                                                              No. CIV 98-1127 JC/RLP

SANDIA CORPORATION d/b/a
SANDIA LABORATORIES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Damages, filed October 20, 1998 *(Doc. 10)*, and Plaintiff's Motion & Notice of Motion to Remand, filed November 3, 1998 *(Doc. 11)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion to dismiss is well taken and will be granted conditionally. The Court further finds that Plaintiff's motion to remand is not well taken and will be denied.

## Background

Plaintiff is a mechanic for Defendant Sandia Laboratories ("Sandia"). During the period pertinent to this case, Plaintiff was a union steward for the Atomic Projects and Production Workers Metal Trades Council, AFL-CIO (the "Union"). Sometime in 1996, Plaintiff came under investigation for suspected timecard fraud. The investigation convinced Defendant that Plaintiff had misappropriated company time. Defendant discharged Plaintiff on December 12, 1996.

Following the discharge, Plaintiff's union filed a grievance pursuant to the collective bargaining agreement ("CBA") between Sandia and Plaintiff's Union. An arbitration hearing was held, and the arbitrator determined that there was insufficient evidence that Plaintiff had committed timecard fraud. The arbitrator directed Sandia to reinstate Plaintiff with full back pay and benefits. Plaintiff was reinstated on April 7, 1998.

Plaintiff now sues Defendant for: (1) "breach of the doctrine of good faith and fair dealing"; (2) civil conspiracy; (3) defamation; (4) breach of implied contract; (5) retaliation; and (6) intentional infliction of emotional distress. Plaintiff's "breach of good faith and fair dealing" claim--as well as his retaliation claim--are based on Defendant's alleged failure to fully restore Plaintiff to his former position as ordered by the arbitrator. Plaintiff claims he was not fully restored because he exposed "the conspiratorial subversion of defendant's Code of Ethics by its own representatives." First Amended Complaint at ¶ 106. Plaintiff's civil conspiracy, defamation, breach of implied contract and intentional infliction of emotional distress claims all revolve around the actions of Sandia personnel leading up to Plaintiff's discharge.

Plaintiff initially filed this action in the Second Judicial District Court of New Mexico. Plaintiff's original state complaint contained numerous references to the collective bargaining agreement and indicated that Defendant had violated the agreement in the period leading up to Plaintiff's termination. Defendant filed a Notice of Removal on September 14, 1998 *(Doc. 1)*. Plaintiff subsequently filed an amended complaint on September 18, 1998 *(Doc. 4)*, removing all references to the collective bargaining agreement.

**Analysis**

Plaintiff moves to remand this case back to the Second Judicial District arguing that there was no jurisdictional basis for removal. Plaintiff highlights that all references to the collective bargaining agreement have been removed from the original complaint.[1] Plaintiff contends his case simply involves six state law claims that are unrelated to the collective bargaining agreement and do not trigger the preemptive force of § 301 of the Labor Relations Management Act ("LMRA").

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. § 1441. The determination of whether the district court has original jurisdiction requires a close examination of the complaint. The jurisdiction must be evident on the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requirement has been dubbed the "well-pleaded" complaint rule and is generally a hard and fast rule (precluding even consideration of defenses that may implicate federal questions).

One exception to the well-pleaded complaint rule deals with federal question jurisdiction and involves cases where Congress has completely preempted a particular area of the law such that any complaint raising claims in that field are considered federal in nature. *Id.* In those situations, a seemingly state law case is more properly "characterized from its inception as a complaint arising under the federal law." *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 498 (7th Cir. 1996). Section 301 of the LMRA is one area where complete preemption is in effect. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968). Section 301 provides that:

---

[1] "Plaintiff has not plead that the CBA is applicable in its amended complaint. In fact, Plaintiff has excised any reference to it in his amended complaint to insure it does not become a rallying cry for the defendant." Pl.'s Mem. in Opp. at 13.

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Under § 301, the state-law claims of an employee are preempted if the claims require an interpretation of a collective bargaining agreement between the employer and the employee's union. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 529 (10th Cir. 1992). In this case each of Plaintiff's claims requires an interpretation of the collective bargaining agreement.

Plaintiff's civil conspiracy, defamation, breach of implied contract, and intentional infliction of emotional distress claims all revolve around "the manner in which [Defendant] conducted its investigation of suspected employee misconduct, and the way in which [he was] terminated." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 530 (10th Cir. 1995). Defendant identifies several articles of the CBA that are critical to Plaintiff's investigation and termination, including: (1) Article 2--Management of the Business; (2) Article 6--Treatment of Employees Performing Council Duties; and (3) Article 9--Conducting Council Business on Laboratories Time. *See* Def.'s Mem. Supp. M. Dis. at 9. Additionally, Defendant points to Article 32 of the CBA, governing Suspensions and Termination of Employment. Article 32 establishes a "just cause" standard for employee discharge. *See* Notice of Removal Ex. C (Plaintiff's original Complaint for Damages at ¶ 98). With these articles of the collective bargaining agreement in mind, it seems that "an analysis of whether [Defendant] acted properly or not will inevitably require an analysis of what the CBA permitted." *Mock*, 971 F.2d at 530.

For instance, in order to establish a claim for civil conspiracy Plaintiff will have to show "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Silva v. Town of Springer*, 121 N.M. 428, 434 (Ct. App.), *cert. denied* 121 N.M. 375, *and cert. denied*, 121 N.M. 444 (1996). Determining whether Defendant's actions were "wrongful acts" under element two requires a determination of whether investigations of suspected employee misconduct were part of the collective bargaining agreement.

Additionally, the process leading to Plaintiff's discharge will also have to be evaluated. Plaintiff's key allegation is that the composition of the Disciplinary Review Committee was juggled by Defendant shortly before Plaintiff's hearing. First Amended Complaint at ¶¶ 75-78. Determining whether Defendant could alter the make-up of the Disciplinary Review Committee, and whether a union representative had to be on the Committee, requires a review of the collective bargaining agreement.

In addition to the civil conspiracy claim, Plaintiff's defamation claim also requires an evaluation of the collective bargaining agreement. The gist of Plaintiff's defamation claim is that being "fired for timecard fraud against one's employer is tantamount to being fired for stealing from one's employer." First Amended Complaint at ¶ 86. Whether Plaintiff could be investigated and discharged for suspected timecard fraud depends on whether investigation and discipline were contemplated under the CBA. *See Scott v. Machinists Automotive Trades Dist. Lodge,* 827 F.2d 589, 593-94 (9th Cir. 1987). Similarly, the degree of outrageousness for Plaintiff's emotional distress claim also depends on what investigation and discipline were permissible under the CBA. *See Hakkila v. Hakkila*, 112 N.M. 172, 182 (Ct. App.), *cert. denied*, 112 N.M. 77 (1991).

Finally, Plaintiff's breach of implied contract claim also depends on the collective bargaining agreement. Even though Plaintiff has artfully crafted his claim as a breach of Defendant's Code of Ethics and Personnel Policy, these provisions mean nothing without reference to the CBA. *See Nylin v. The Boeing Co.*, No. 97-36059, 1998 WL 668134, at *1 (9th Cir. Sep. 14, 1998); *Henderson v. Merck & Co., Inc.*, 998 F.Supp. 532, 538-39 (E.D. Pa. 1998).

I also find that Plaintiff's retaliation and "breach of the doctrine of good faith and fair dealing" claims are preempted by § 301 of the LMRA. Determining whether Defendant retaliated against Plaintiff or breached a duty of good faith and fair dealing will require a review of the arbitrator's award and the CBA. *See White v. General Elec. Co.*, No. Civ. A. 94-0718-L(J), 1995 WL 940781, *2-*3 (W.D. Ky. Aug. 3, 1995). One of the key determinations will be whether "reinstatement" under Article 32.7 of the CBA includes reinstatement to the same work station and with the same clearance.

Having found each of Plaintiff's claims to be preempted by § 301 of the LMRA, I will deny Plaintiff's motion to remand. Plaintiff will have thirty days from the date of this order to amend his claims to state § 301 LMRA claims.

Wherefore,

IT IS ORDERED that Plaintiff's Motion & Notice of Motion to Remand, filed November 3, 1998 *(Doc. 11)* is **denied**.

IT IS FURTHER ORDERED that Defendant's motion to dismiss will be granted, dismissing Plaintiff's (1) "breach of the doctrine of good faith and fair dealing"; (2) civil conspiracy; (3) defamation; (4) breach of implied contract; (5) retaliation; and (6) intentional infliction of

emotional distress claims, unless Plaintiff files and serves an amended First Amended Complaint within thirty days that states his claim/claims under § 301 of the LMRA.

DATED this 4th day of February, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Michael D. Armstrong<br>Albuquerque, New Mexico |
| Counsel for Defendant: | Robert P. Tinnin, Jr.<br>Stanley K. Kotovsky, Jr.<br>Hinkle, Cox, Eaton, Coffield & Hensley, L.L.P.<br>Albuquerque, New Mexico |